FILED

AUG - 6 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | I N D I C T M E N T |
| ) | |
| Plaintiff, ) | 4:24 CR 00271 |
| ) | |
| v. ) | CASE NO. _____ |
| ) | Title 18, United States Code, |
| ALEXIS SCHNEIDER, ) | Sections 201(b)(2)(C), 371, |
| ) | 1791(a)(1), (b)(4) and (d)(1)(G) |
| Defendant. ) | |

JUDGE POLSTER

GENERAL ALLEGATIONS

At all times material and relevant to this Indictment:

1. The Northeast Ohio Correctional Center ("NEOCC") is a prison, institution, or facility that holds federal inmates pursuant to a contract and agreement with the Attorney General.

2. Defendant ALEXIS SCHNEIDER was employed at NEOCC as a Nurse.

3. "CashApp" was a mobile payment service that allowed individuals to send and receive sums of money electronically.

COUNT 1
(Conspiracy to Commit Providing Contraband in Prison, 18 U.S.C. §§ 371 and 1791(a)(1), (b)(4), and (d)(1)(G))

The Grand Jury charges:

4. Beginning at least on or about June 29, 2021, and continuing through on or about September 14, 2021, Defendant ALEXIS SCHNEIDER did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree with diverse others known and unknown to the Grand Jury, to knowingly provide and attempt to provide prohibited objects to an inmate at

the NEOCC, held in custody pursuant to a contract and agreement with the Attorney General, to wit: tobacco and other contraband, in violation of Title 18, United States Code, Sections 371 and 1791(a)(1), (b)(4), and (d)(1)(G).

## OBJECT OF THE CONSPIRACY

5. The object of the conspiracy was to enrich Defendant and her coconspirators by providing prohibited objects to prison inmates, to wit: tobacco and other contraband in exchange for cash payments through electronic payments via CashApp.

## MANNER AND MEANS OF THE CONSPIRACY

6. The manner and means by which the conspirators sought to accomplish the conspiracy included, among others, the following:

   a. Defendants and their coconspirators would smuggle contraband into NEOCC.

   b. Defendants and their coconspirators would sell the contraband to prison inmates.

   c. Defendants and their coconspirators would receive cash payment in exchange for the contraband through electronic payments via CashApp.

## OVERT ACTS

7. In furtherance of the conspiracy, and to effect the objects and conceal the existence thereof, Defendant and coconspirators known but not charged and coconspirators unknown to the Grand Jury performed overt acts in the Northern District of Ohio and elsewhere, including, but not limited to, the following:

   a. From on or about June 29, 2021, to on or about September 14, 2021, Defendant and coconspirators known but not charged and coconspirators unknown to the Grand Jury smuggled in contraband, specifically tobacco and other contraband, to NEOCC and sold it to prison inmates in exchange for money through electronic payments via CashApp.

All in violation of Title 18, United States Code, Sections 371 and 1791(a)(1), (b)(4), and (d)(1)(G).

## COUNT 2
(Accepting Bribes, 18 U.S.C. § 201(b)(2)(C))

The Grand Jury further charges:

8. From on or about June 29, 2021, to on or about September 14, 2021, Defendant ALEXIS SCHNEIDER, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being induced to do an act and omit to do an act in violation of her official duties, that is: accepting electronic payments via CashApp in exchange for smuggling contraband into NEOCC (as charged in Count 3 herein), in violation of Title 18, United States Code, Section 201(b)(2)(C).

## COUNT 3
(Providing Tobacco to an Inmate, 18 U.S.C. §§ 1791(a)(1), (b)(4), and (d)(1)(G))

The Grand Jury further charges:

9. From on or about June 29, 2021, to on or about September 14, 2021, in the Northern District of Ohio, Eastern Division, Defendant ALEXIS SCHNEIDER, a nurse at NEOCC, contrary to 28 C.F.R. §§ 6.1, 553.12, and 500.1(h), knowingly provided and attempted to provide a prohibited object to an inmate at the NEOCC, held in custody pursuant to a contract and agreement with the Attorney General, to wit: tobacco, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(4), and (d)(1)(G).

## FORFEITURE

The Grand Jury further charges:

10. The allegations of Count 2 are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). As a result of the foregoing offense, defendant ALEXIS SCHNEIDER shall forfeit to the United States: all property, real and personal, which constitutes or is derived from proceeds traceable to such offense; including, but not limited to, the following:

   a. $45,401.00 seized pursuant to the execution of a federal seizure warrant on or about September 21, 2023, from Huntington National Bank money market account number 03788718103, in the name of ALEXIS SCHNEIDER.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.